ANTONIO VINCENT *vs.* JOHN BOWEN COMPANY *et al.*

JUNE 14, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is a petition for review under the workmen's compensation act, general laws 1938, chapter 300, by an employee against his employer and its insurance carrier to recover compensation because of an alleged decrease in earning capacity resulting from an accidental injury which the employee received in August 1937. Since the liability of the insurance carrier is dependent upon that

of the employer, we shall hereinafter treat this case as if the latter were the only respondent.

The present petition was filed November 19, 1941. On June 20, 1942 the director of labor, after hearing, rendered a decision in favor of the petitioner and awarded him compensation for total incapacity from the date of the petition. From this decision the respondents duly appealed to the superior court, where they moved that the petition be dismissed on the ground that the employee had no right to file such a petition under the act. Upon the denial of this motion, the cause was heard on its merits and at the conclusion thereof the trial justice, on November 20, 1942, entered a decree confirming the decision of the director of labor. The case is before us on respondent's appeal from the entry of that decree.

It appears in evidence that the petitioner suffered an injury to his back on August 19, 1937 while working for the respondent as a bricklayer in the construction of a building in the city of Providence. There being then no question about either the accident or Vincent's subsequent total incapacity, the respondent, on November 10, 1937, entered into a preliminary agreement with him under the terms of which he was to receive compensation at the rate of $18.21 per week from August 20, 1937 "until terminated in accordance with the provisions of the Workmen's Compensation Act."

In 1938 the respondent filed a petition with the director of labor to review the agreement just mentioned for the purpose of terminating its liability thereunder on the ground that Vincent's incapacity had ceased. Following a hearing thereon after notice to petitioner, the director of labor, on June 10, 1938, rendered a decision in which he found that such incapacity had in fact ceased, which finding, unless reversed on appeal in accordance with the provisions of the act, relieved the respondent from liability for future payments of compensation to Vincent under the agreement of November 10, 1937. Vincent did not appeal from this

decision, which therefore became a final decision on the merits of the case.

On July 12, 1938 Vincent returned to work for respondent and he continued in its employ until August 30, 1938, when he claims to have slipped and again strained his back. Without reporting this accident, or giving any other notice to the respondent of his then condition, he left the following day for the Azores, where he stayed at his sister's farm, doing no work and receiving no medical attention. Upon his return to this state in November 1941, he made no attempt to work but brought the present petition. Vincent never instituted any original proceedings for compensation on the ground that the alleged incident of August 30, 1938 was a new accident.

The controlling question before us is one of law, namely, whether, in the circumstances of this case, the petitioner is entitled to maintain a petition for review under § 13 of art. III of the act, as amended by P. L. 1941, chap. 1064, section 1. It is undisputed that the agreement for compensation involved in this case was approved by the director of labor on November 10, 1937. It is also undisputed that respondent's liability under this agreement was terminated on June 10, 1938 by a final decision of the director of labor. In 1937 said § 13 permitted a petition for review to be filed "At any time after the date of the approval of an agreement or the entry of a decree fixing compensation, and before the expiration of the period for which compensation has been fixed by such agreement, but not afterwards . . . ." This section, as amended in 1941, now permits a petition for review to be filed "At any time after the date of the approval of an agreement or the entry of a decree fixing compensation, and before the expiration of the period for which compensation is payable under the maximum limits provided in this chapter . . . ." Compensation is payable under the act for 1000 weeks.

The petitioner and the respondent strongly disagree in

their respective interpretations of § 13 of the act as amended. The former contends that the present petition is governed by § 13 as amended, arguing that the amendment merely affects the remedy and therefore is procedural; while the respondent contends that, since the time for bringing a petition for review had expired according to § 13 before amendment, the petitioner can derive no benefit from the amendment, as it is a substantive change relating to the cause of action itself.

In construing a statute it is permissible to consider the reasonableness of the result of a particular interpretation. *Hamilton Co.* v. *Goring*, 65 R. I. 459; *Desjourdy* v. *Mesrobian*, 52 R. I. 146. Assuming, without deciding, that the amendment to § 13 is procedural rather than substantive, and granting that the workmen's compensation act is to be liberally construed, as petitioner contends and this court has repeatedly decided, we cannot believe that the legislature ever intended to amend that section so as to provide that a decision on the merits of a petition for review, which had become final by operation of the act itself, would be subject to review at any time within 1000 weeks from the date of "the approval of an agreement or the entry of a decree fixing compensation", which had already been terminated under the act by such a decision. Moreover, both before and after amendment the statute was expressly based upon an agreement, order or decree whereby "compensation has been fixed", whereas here there was no such order "fixing compensation."

In the instant case, there being no question of fraud, the rights of the parties were finally determined, in accordance with the provisions of the act, by the decision of the director of labor in June 1938, some three years before the adoption of the amendment. When, in November 1941, the petitioner brought the petition for review now before us, there was no order, decree or award fixing compensation in existence under the act, which could be the subject of review. To construe § 13, as amended, so as to allow the petitioner

to prevail in this case would result in reviving a matter which had been finally determined on its merits adversely to the petitioner. Construing the language of § 13, as amended, in the light of the generally recognized rule that a final decision on the merits in a litigated matter conclusively binds the parties thereto unless otherwise provided by the legislature in unequivocal language, we are of the opinion that, even under the assumption that the amendment to § 13 is merely procedural, the petitioner is clearly outside the scope of that section, as amended, and therefore is not entitled to maintain a petition for review in the special circumstances in this case.

The decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a final decree in accordance with this opinion.

### ON MOTION FOR REARGUMENT

After the filing of our opinion in this cause the petitioner, by leave of court, filed a motion for reargument. We have considered said motion and the reasons assigned therefor.

However, as the motion contains no matter which was not fully considered and passed upon before the filing of our opinion, the motion is denied and dismissed.

*Eugene J. Sullivan, Jr., Lisker, Sullivan & Lisker,* for petitioner.

*Haslam, Arnold & Sumpter, Harry A. Tuell,* for respondents.